United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-16860-elf
Jorge A. Duran                                                      Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 2          Date Rcvd: Nov 25, 2016
                              Form ID: 3180W           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 27, 2016.
db         +Jorge A. Duran,    4160 Orchard Street,    Philadelphia, PA 19124-4604
12561593   +Alan B. Liss, Esquire,    1420 Walnut Street, Suite 808,    Philadelphia, PA 19102-4008
12564920   +Deutsche Bank National Trust Company,    JP Morgan Chase Bank, N.A.,    MAIL CODE: OH4- 7302,
             3415 Vision Drive,    Columbus, OH 43219-6009
13144983   +Long Beach Mortgage Loan Trust 2006-WL3,    Serviced by Select Portfolio Servicing,,
             3815 South West Temple,    Salt Lake City, UT 84115-4412
12539436   +PNC BANK,    PO BOX 94982,    CLEVELAND, OH 44101-4982
12561505   +Philadelphia Gas works,    800 W Montgomery Ave, 3F,    Philadelphia, PA 19122-2898,
             Attn: Bankruptcy Unit
13524970   +Veripro Solutions,Inc.,    PO BOX 3244,    Coppell, TX 75019-9244

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg         E-mail/Text: bankruptcy@phila.gov Nov 25 2016 22:45:31     City of Philadelphia,
             City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
             Philadelphia, PA  19102-1595
smg         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 25 2016 22:44:54
             Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
             Harrisburg, PA  17128-0946
smg        +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 25 2016 22:45:28     U.S. Attorney Office,
             c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12584642   +EDI: OPHSUBSID.COM Nov 25 2016 22:38:00     CANDICA, LLC,    C O WEINSTEIN AND RILEY, PS,
             2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12644009    EDI: MERRICKBANK.COM Nov 25 2016 22:38:00     Merrick Bank,    c/o Resurgent Capital Services,
             PO Box 10368,    Greenville, SC 29603-0368
13030781   +EDI: PRA.COM Nov 25 2016 22:38:00     PRA Receivables Management, LLC,    POB 41067,
             Norfolk, VA 23541-1067
12553309    E-mail/Text: ebn@vativrecovery.com Nov 25 2016 22:44:48     Palisades Collections, LLC,
             Vativ Recovery Solutions LLC, dba SMC,    As Agent For Palisades Collections, LLC,
             P.O. Box 40728,    Houston, TX 77240-0728
12740340    E-mail/Text: asobczyk@transportfunding.com Nov 25 2016 22:44:51     Transport Funding,
             903 East 104th Street, Suite 170,    Kansas City, MO  64131
12534321   +E-mail/Text: asobczyk@transportfunding.com Nov 25 2016 22:44:51     Transport Funding,
             PO Box 7247-0360,    Philadelphia, PA 19170-0001
                                                                                              TOTAL: 9

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 27, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 24, 2016 at the address(es) listed below:
              ALAN B. LISS    on behalf of Debtor Jorge A.  Duran bnklaw@aol.com
              ALAN B. LISS    on behalf of Plaintiff Jorge A.  Duran bnklaw@aol.com
              ALAN B. LISS    on behalf of Debtor Mireya  Duran bnklaw@aol.com
              ALAN B. LISS    on behalf of Plaintiff Mireya  Duran bnklaw@aol.com
              ANN E. SWARTZ    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for Long
               Beach Mortgage Trust 2006-WL3 ecfmail@mwc-law.com, ecfmail@mwc-law.com
              DANIELLE BOYLE-EBERSOLE    on behalf of Creditor    Deutsche Bank National Trust et al c/o Select
               Portfolio Servicing, Inc. debersole@hoflawgroup.com, bbleming@hoflawgroup.com
              DAVID H. LIPOW    on behalf of Creditor    Select Portfolio Servicing, Inc. bkecf@milsteadlaw.com,
               dlipow@milsteadlaw.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee
               for Long Beach Mortgage Trust 2006-WL3 bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com

```
District/off: 0313-2           User: admin              Page 2 of 2              Date Rcvd: Nov 25, 2016
                               Form ID: 3180W           Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
          STEPHEN M HLADIK    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
           Long Beach Mortgage Trust 2006-WL3 shladik@hoflawgroup.com, debersole@hoflawgroup.com
          THOMAS R. DOMINCZYK    on behalf of Creditor    Transport Funding, LLC
           tdominczyk@mauricewutscher.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER    ecfemails@ph13trustee.com,    philaecf@gmail.com
          WILLIAM EDWARD MILLER    on behalf of Creditor    SELECT PORTFOLIO SERVICING, INC, AS SERVICING
           AGENT wmiller@sterneisenberg.com,    bkecf@sterneisenberg.com
                                                                                             TOTAL: 14
```

Case 11-16860-elf    Doc 109    Filed 11/27/16    Entered 11/28/16 00:19:18    Desc
Imaged Certificate of Notice    Page 2 of 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Jorge A. Duran** | Social Security number or ITIN **xxx–xx–2022** |
| | First Name    Middle Name    Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN _ _ _ _ |
| | First Name    Middle Name    Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11–16860–elf** | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Jorge A. Duran

11/24/16

**By the court:**    Eric L. Frank
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**